**STATE of Tennessee, Appellee,**

v.

**Roland HAYES, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 5, 1994.

Permission to Appeal Denied by Supreme Court Feb. 6, 1995.

William D. Massey, Memphis (at Trial and on Appeal), Joseph S. Ozment, Memphis (on Appeal), for appellant.

Charles W. Burson, Atty. Gen., and Joel W. Perry, Asst. Atty. Gen., Nashville, John W. Pierotti, Jr., Dist. Atty. Gen., and Reginald R. Henderson, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

TIPTON, Judge.

The defendant, Roland Hayes, was convicted by a jury in the Shelby County Criminal Court of driving after having been declared to be an habitual motor vehicle offender and while subject to a driving prohibition order, a Class E felony. *See* T.C.A. § 55–10–616. He was sentenced as a Range I standard offender to six months in the workhouse and fined seven hundred fifty dollars. In this appeal as of right, the defendant contends that the trial court erred in applying certain sentencing enhancement factors and in refusing to impose a sentence under the Community Corrections Act of 1985. *See* T.C.A. § 40–36–106. In response, the state not only

contends that the defendant's confinement was appropriate, but that the "sentence should be increased to the statutory minimum sentence of one (1) year incarceration." We conclude that the sentence was appropriate.

Initially, we note that neither party included a transcript of the trial in the record on appeal. Pursuant to T.C.A. § 40–35–210(b), a trial court's determination of a specific sentence, including the use of an appropriate alternative to confinement, must result from its consideration of (1) *the evidence received at the trial* and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) *the nature and characteristics of the criminal conduct involved*, (5) evidence and information offered by the parties on the enhancement and mitigating factors, and (6) any statement the defendant wishes to make in his own behalf about sentencing.

■ On appeal, it is our obligation to conduct a *de novo* review, but with a presumption that the trial court's determinations are correct. *See* T.C.A. §§ 40–35–401(d) and –402(d). Under such a standard, a party complaining about a sentence has the burden of establishing that the trial court imposed an improper one. In this respect, failure to include a transcript of the trial makes it impossible for us to conduct an appropriate *de novo* consideration of the case or to determine whether the trial court erred relative to its determinations which were based in any part on that evidence.

■ For example, the defendant complains about the trial court's application of T.C.A. § 40–35–114(10), relative to a defendant having no hesitation about committing a crime when the risk to human life was high. However, such a fact-driven factor necessarily depends upon a review of the evidence of the crime and its surrounding circumstances. Also, although the record indicates support for the defendant's contention that the trial court improperly applied T.C.A. § 40–35–114(13)(A), regarding being on bail for a felony when the present felony offense was committed and ultimately being convicted of both felonies, we have no way of fully assessing what an appropriate sentence should be in the absence of such enhancement factor. Indeed, this deficiency relates to both the length of sentence and sentencing alternative issues. In other words, the defendant has not established that the length and manner of service of his sentence is improper.

■ The record before us reflects that the defendant has a sufficient prior record of driving-related offenses and questionable past rehabilitation attempts to warrant the trial court deciding upon confinement in the workhouse as the appropriate sentencing alternative. It considered the defendant to have an "extremely bad attitude," indicating that he blatantly violated the driving laws and failed to accept responsibility for his actions. The record before us does not preponderate against these determinations.

■ Regarding the state's assertion that the sentence should be increased to one year of confinement as the "statutory minimum sentence," the defendant contends that it waived the issue because no notice of appeal was filed by it as required by Rule 4, T.R.A.P. We note that we are not authorized to increase a sentence when it is appealed by the defendant, but we may do so when the state appeals. *See* T.C.A. §§ 40–35–401(c) and –402(c). Although we do not agree with the defendant's reasoning, we conclude that the state is not entitled to relief. In *State v. Russell*, 800 S.W.2d 169, 170–72 (Tenn.1990), our supreme court allowed the state, as the appellee, to raise a sentencing issue on appeal even though the defendant was the only party to have filed a notice of appeal. *See* T.R.A.P. 13 and 27(b)–(c). However, the state's right, as the appellee, to raise a sentencing issue without filing a notice of appeal does not end its obligations under the appellate rules to delineate the issue as a separate issue for appellate review, to submit supporting argument, and to identify the appropriate relief.

■ In this case, the state's brief states the existence of only one issue, that relating to the denial of a community corrections sentence. It is only in its argument on this issue that the state, in rather "by the way"

fashion, summarily requests a sentencing increase. It supplies no further argument for the request, leaving for us the need to decipher why the request was ever made. In this respect, we assume that the state, by contending that the sentence should be increased to the "statutory minimum," is asserting that the trial court imposed an illegal sentence. However, given the fact that the defendant's offense is a Class E felony for which the defendant, as a Range I, standard offender, was exposed to a minimum punishment of one year, *see* T.C.A. §§ 40–35–111(b)(5) and –112(a)(5), the trial court was entitled to sentence him to the workhouse for any period less than one year if the offense so merited. T.C.A. § 40–35–211(2). Thus, the six-month workhouse sentence is not illegal. Otherwise, the state has neither properly reserved an issue regarding increasing the sentence nor shown any reason through its brief or the record why the trial court's action was improper, particularly in light of the fact that the state did not include the trial transcript in the record on appeal.

The judgment of conviction, including the sentence imposed, is affirmed.

JONES and PEAY, JJ., concur.