IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1996 SESSION



**FILED**

**April 17, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9607-CR-00268 |
| | ) | |
| | ) | Hamilton County |
| v. | ) | |
| | ) | Hon. Douglas A. Meyer, Judge |
| | ) | |
| LARRY GENE ROGERS, | ) | (Sentencing) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

William C. Killian
Number One Oak Avenue
Jasper, TN 37347

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Michael J. Fahey, II
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

William H. Cox, III
District Attorney General
        and
David W. Denney
Assistant District Attorney General
600 Market Street, Suite 310
City-County Bldg.
Chattanooga, TN 37402

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Larry Gene Rogers, was convicted upon his guilty pleas in the Hamilton County Criminal Court of one count of theft of property valued over ten thousand dollars, a Class C felony, and two counts of theft of property valued over one thousand dollars, a Class D felony. Pursuant to a plea bargain, he received three three-year sentences with the Class D felonies to be served concurrently, but consecutively to the Class C felony. The trial court ordered that the defendant serve eleven months, twenty-nine days in confinement, then be placed on unsupervised probation for the remainder of the six-year effective sentence. The defendant appeals as of right regarding his confinement, contending that the trial court erred (1) in considering a statutory enhancement factor relative to the issue of confinement, see T.C.A. § 40-35-114(1), (2) in not affording the defendant the statutory presumption in favor of alternative sentencing, see T.C.A. § 40-35-102(6), and (3) in concluding that the confinement was necessary to avoid depreciating the seriousness of the offenses. See T.C.A. § 40-35-103(1)(B). We affirm the trial court.

Although the guilty plea hearing transcript is not before us, we determine the following facts from the record on appeal. The defendant helped in the theft of cars by driving an accomplice to the car to be stolen, then following him to a chop shop. At the shop, the defendant was videotaped for two of the cars and his conversations were taped. The defendant testified that he was paid one hundred dollars per car. The three thefts for which he pled guilty occurred on January 28, February 17, and September 16, 1993. However, the defense acknowledged that he was involved in seven car thefts in this manner.

Also, the record reflects that in September 1993, the defendant accompanied an accomplice to Washington, D.C., where the accomplice burglarized a

2

drug store, stealing drugs and cash. On the return trip, they stole a car in Maryland and abandoned it in Knoxville. Ultimately, the defendant was charged with drug conspiracy and pled guilty in federal district court in Knoxville to one count of felonious possession of pharmaceutical drugs. The court placed him on supervised probation for five years.

The presentence report, the federal probation report and the testimony at the sentencing hearing reflect that the defendant is a thirty-one-year old high school dropout working at a coal company in Grundy County. He is a divorced, noncustodial father of one daughter whom he is supporting. He is living with his mother, who he says is a stroke victim, and he testified that he helped her with moral support, paying some bills, and some transportation. He denied having a drug or alcohol abuse problem.

The trial court stated that it was considering the defendant's criminal history in determining the manner of service of the sentences, including an alternative form of punishment rather than confinement. It determined that the defendant was not a serious threat to society at that time and that he had probably learned his lesson. However, the trial court ordered confinement for eleven months, twenty-nine days without work release because it concluded that the time was necessary to avoid depreciating the seriousness of the offenses. Also, the trial court indicated that the federal district court's grant of probation occurred without knowledge that the defendant was about to be charged relative to seven automobile thefts.

The review of the defendant's sentencing is <u>de novo</u> on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentencing is improper. However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the

3

affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancements, (6) any statement that the defendant made on his behalf and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103 and -210; see Ashby, 823 S.W.2d at 168 (Tenn. 1991); State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

The defendant now contends that the trial court should not have considered the statutory enhancement factor regarding his criminal history, see T.C.A. § 40-35-114(1), in determining whether to confine him. However, as we previously indicated, T.C.A. § 40-35-210(b) provides that the trial court must consider the applicable enhancement and mitigating factors in determining the specific sentence, including sentencing alternatives. See State v. Hayes, 894 S.W.2d 298, 300 (Tenn. Crim. App. 1994). The trial court properly considered the defendant's history of criminal conduct.

We next consider the defendant's remaining two complaints together as they necessarily relate to his confinement. The defendant contends that the trial court did not give him the benefit of the presumption of alternative sentencing under T.C.A. § 40-35-102(6) and that it relied too heavily upon a concern for the offenses' seriousness in confining him for eleven months, twenty-nine days. We note that the trial court made no mention of the presumption for alternative sentencing in its determinations. In fact, we view the trial court's limited findings on the record to be less than adequate compliance with the 1989 Sentencing Act's requirements for placing complete findings and conclusions on the record for appellate review purposes. See T.C.A. §§ 40-35-

4

209(c), -210(f); State v. Jones, 883 S.W.2d 597, 599-600 (Tenn. 1994); Ashby, 823 S.W.2d at 169.

However, given the trial court's stated reason for confinement under the record actually before us, including the trial court's general references to relevant sentencing provisions, we do not believe that the trial court simply ignored the presumption of alternative sentencing. Rather, the record reflects that the trial court's view of the seriousness of the defendant's offenses outweighed all other considerations. In this respect, the record indicates that the trial court's view stemmed from the extent of the defendant's criminal conduct, not from the circumstances of any given crime. Although the facts of a particular offense may not justify confinement under T.C.A. § 40-35-103(1)(B) in the face of the presumption for alternative sentencing, the fact that the defendant received multiple convictions and is shown to have committed other similar offenses can reflect sufficient criminal conduct to warrant a conclusion that the presumption of alternative sentencing is overcome. See, e.g., State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).

From our perspective, such is the case before us. In substance, although the trial court did not provide as detailed or complete a record of findings and considerations as is contemplated by our sentencing laws, we believe that the record supports and justifies the sentences it imposed. The defendant acted in concert with an automobile theft ring over a proven period of nine months with the termination of criminal activity only occurring with his arrest on federal drug charges. Under these circumstances, we cannot quarrel with the trial court's sentence to confinement even though the defendant exhibited the potential for rehabilitation and had family responsibilities.

5

In consideration of the foregoing and the record as a whole, the judgments of conviction entered by the trial court are affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Paul G. Summers, Judge


_____
John K. Byers, Senior Judge