IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

DECEMBER 1999 SESSION

FILED

January 11, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

DEXTER L. WILLIAMS,          )
                             )
          Appellant,         )        No. E1999-00871-CCA-R3-PC
                             )
                             )         Blount County
v.                           )
                             )        Honorable W. Dale Young, Judge
                             )
STATE OF TENNESSEE,          )        (Post-conviction)
                             )
          Appellee.          )


For the Appellant:                    For the Appellee:

Dexter L. Williams, Pro Se            Paul G. Summers
N.E.C.C.                              Attorney General of Tennessee
Post Office Box 5000                          and
Mountain City, TN 37883-5000          Clinton J. Morgan
                                      Assistant Attorney General
                                      425 Fifth Avenue North
                                      Nashville, TN 37243

                                      Michael L. Flynn
                                      District Attorney General
                                              and
                                      Edward P. Bailey, Jr.
                                      Assistant District Attorney General
                                      942 E. Lamar Alexander Parkway
                                      Maryville, TN 37804




OPINION FILED:_____




REVERSED AND REMANDED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Dexter L. Williams, appeals as of right from the Blount County Criminal Court's dismissal of his petition for post-conviction relief from his 1993 first degree murder conviction and resulting life sentence. See State v. Dexter Lee Williams, No. 03C01-9312-CR-00390, Blount County (Tenn. Crim. App. Jan. 9, 1995), app. dismissed (Tenn. Feb. 5, 1996). The petitioner contends that the trial court erred in summarily dismissing his petition without affording him a full and meaningful hearing on the evidence he presented. We reverse the trial court and remand the case.

The petitioner filed a pro se petition for post-conviction relief on October 24, 1996, asserting fifteen grounds for relief, most claiming the ineffective assistance of counsel. The trial court appointed the petitioner an attorney who filed an amendment to the petition. The state answered the petition as amended, denying any merit to the petitioner's claims. Later, the petitioner's attorney was allowed to withdraw because his secretary was related to the victim. The trial court appointed new counsel but allowed him to withdraw upon his and the petitioner's separate requests. The withdrawal order entered on July 16, 1998, reflects that the petitioner requested and was allowed to proceed pro se with the case.

On February 22, 1999, the petitioner moved for the trial court to set a hearing date on his petition and filed a pro se amendment to his petition. The state filed an answer on March 23, 1999. The record reflects that the parties appeared in the trial court on March 26, 1999, with the trial court intending to hear the case. However, a colloquy between the petitioner and the trial court occurred, with the petitioner complaining that he had not been provided all the case records he had requested; that his requests that subpoenas issue for specified witnesses, including his trial attorney,

2

had not been honored; and that his motion for expert services was still pending. The petitioner said that he was not prepared to go forward because of such shortcomings. He indicated that he had received short notice of the hearing date. The trial court dismissed the petition.

The petitioner contends that he was not provided a full and fair hearing on his claims for relief. He argues that the trial court violated his right to due process of law by not allowing such a hearing.

The state's two-sentence argument in its brief fails to address the petitioner's contentions and arguments in this appeal. However, in its statement of the case, it states that the petitioner filed his petition more than one year after the final action of the Tennessee appellate courts in his convicting case. It asserts that because the statute of limitations had run, the trial court was without jurisdiction to entertain the petition and should have dismissed it summarily. See Tenn. Code Ann. 40-30-202(b), -206(b).

First, as a matter of procedure, we note that if the state, as the appellee, desired to raise the statute of limitations as an issue in this appeal, it was required to present it as a separate, specified issue in its brief. See State v. Hayes, 894 S.W.2d 298, 300 (Tenn. Crim. App. 1994). It did not do so. Ordinarily, this would result in a waiver of the issue. However, given the particular nature of the statute of limitations under the 1995 Post-Conviction Procedure Act and the fact that we otherwise would remand this case to the trial court for further hearing, we must address it in this appeal.

As previously indicated, this court affirmed the petitioner's conviction on January 9, 1995. The petitioner's application for permission to appeal was dismissed

3

on February 5, 1996, as untimely filed, the Tennessee Supreme Court being without jurisdiction to grant the appeal. From the state's perspective, this means that the one-year statute of limitations began to run from January 9, 1995, the date this court filed its opinion and judgment. Thus, the petition filed on October 24, 1996, was too late.

The petitioner alleges in his petition that his appointed trial counsel filed the application for permission to appeal on or about November 8, 1995. Thus, ostensibly, counsel in the convicting case purportedly continued to act as the petitioner's counsel through the filing of the application. The petitioner has alleged that his attorney was ineffective on appeal. What ramifications, if any, these circumstances may have on the issue of the statute of limitations should await further development of the record in the trial court.

As to the petitioner's contentions on appeal, we believe that they have sufficient merit to remand this case for further hearing. The record reflects that the petitioner requested that subpoenas be issued for various witnesses, including his trial attorney. No reason is shown why the request was not honored. It is apparent that the March 26, 1999, "hearing" was held by the trial court in response to the petitioner's February 22, 1999, request for a hearing. However, the petitioner presented sufficient reasons why the trial court should not proceed on the date set. Without addressing the petitioner's concerns but focusing only upon the petitioner's request for a hearing, the trial court dismissed the case because the petitioner presented no evidence. Under the circumstances, this was error.

Given the state of the record, we remand the case for a hearing, initially to address the circumstances of the petitioner's direct appeal, of the application for permission to appeal, and of trial counsel's relationship to the application – as all relate

to the issue of the statute of limitations. Any further hearing would depend upon the trial court's decision on that issue.

_____
Joseph M. Tipton, Judge


CONCUR


_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge