IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2001

## STATE OF TENNESSEE v. CHAUNCEY E. GRAY

**Appeal from the Circuit Court for Chester County**
**No. 00-046    Roy B. Morgan, Jr., Judge**

---

**No. W2001-00285-CCA-R3-CD - Filed December 7, 2001**

---

The defendant, Chauncey E. Gray, appeals as of right from his convictions by a jury in the Chester County Circuit Court of forgery, a Class E felony, and theft of property valued at $500 or less, a Class A misdemeanor. The trial court sentenced him as a Range II, multiple offender to a four-year sentence for the forgery to be served in the Department of Correction, imposed a $1,500 fine, and ordered $400 in restitution. It imposed a sentence of eleven months, twenty-nine days at seventy-five percent for the theft to be served concurrently and a $1,250 fine. The defendant contends that his effective four-year sentence is excessive and that he should have received a sentencing alternative to confinement. We affirm the sentences imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Angela R. Scott, Henderson, Tennessee, for the appellant, Chauncey E. Gray.

Paul G. Summers, Attorney General & Reporter; Laura McMullen Ford, Assistant Attorney General; James G. Woodall, District Attorney General; and Jody Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant's convictions arose from his cashing a check for $400 on the account of Frank and Diann Clayton. The presentence report reflects that a bank teller identified the defendant from a photograph array as being the person who cashed the check.

The presentence report reveals that the then thirty-four-year-old defendant graduated from high school with a special education diploma. He also attained training as a plumber's helper and in painting and decorating. He reported receiving additional training in automobile diesel mechanics and automobile body work. He was self-employed as a mechanic, working with several trucking

companies and earning $200 to $250 per week. He also did some car detailing. He worked for a car dealership as a mechanic for six and one-half months in 1998 but lost the job when he was arrested. At the time of the presentence report, the defendant, who has four children, was separated from his second wife and lived with his fiancée.

At the sentencing hearing, the state introduced certified judgments for a 1999 conviction for driving on a revoked license, a Class B misdemeanor; a 1996 conviction for a federal offense of aiding and abetting mail fraud; 1993 convictions for nine counts of forgery, Class E felonies; a 1990 conviction for possession of a television without a serial number, a Class A misdemeanor; a 1990 conviction for possession of drug paraphernalia, a Class A misdemeanor; and 1990 convictions for three counts of automobile burglary, Class E felonies. Also, the state presented certified judgments from the general sessions court for convictions of domestic violence, carrying a weapon with the intent to go armed, interfering with an officer, resisting arrest, public intoxication, simple possession of marijuana, a violation of the registration law, and five convictions for driving on a revoked or suspended license. The state relied upon one of his automobile burglary convictions and one of his forgery convictions to establish that he was a Range II, multiple offender. See Tenn. Code Ann. § 40-35-106. The presentence report reflects that the defendant's probation for automobile burglary was revoked on November 22, 1991, and that he was sent to the Department of Correction.

The trial court applied two enhancement factors: (1) that the defendant had a history of prior criminal convictions or behavior above those needed to establish his range and (8) that the defendant had "a previous history of unwillingness to comply with the conditions of a sentence involving release in the community." See Tenn. Code Ann. § 40-35-114(1), (8). Noting that he presently stood convicted of property crimes, it applied mitigating factor (1), that the "defendant's criminal conduct neither caused nor threatened serious bodily injury." Tenn. Code Ann. § 40-35-113(1). The court gave great weight to the defendant's prior criminal record and sentenced him to four years, the maximum in the range, for his forgery conviction. It sentenced him to eleven months, twenty-nine days for the theft conviction and ordered the sentences to run concurrently. In light of the enhancing and mitigating factors considered, the court ordered the defendant to serve his sentence in the Department of Correction.

When a defendant appeals the length, range, or manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169.

The defendant was sentenced as a Range II, multiple offender, for which the applicable range for a Class E felony is two to four years. Tenn. Code Ann.§ 40-35-112(b)(5). The presumptive

sentence for a Class E felony is the minimum in the range when no enhancement or mitigating factors are present. Tenn. Code Ann. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Ashby, 823 S.W.2d at 169.

The defendant contends that the trial court erred in its application of enhancement factor (8) and that it failed to consider the applicable sentencing principles in its imposition of a sentence of incarceration. However, the defendant has failed to include the trial transcript as a part of the record on appeal. Pursuant to Rule 24(a), T.R.A.P., the defendant filed with the clerk of the trial court a designation of the record on appeal to include "the transcript of the proceedings filed in this matter." Despite this designation, the defendant failed to ensure that the record contained the complete transcript. The trial court is required to consider for sentencing purposes the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
>
> (2) The presentence report;
>
> (3) The principles of sentencing and arguments as to sentencing alternatives;
>
> (4) The nature and characteristics of the criminal conduct involved;
>
> (5) Evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
>
> (6) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b). Consideration of these factors is mandatory. In similar fashion, the fact that our standard of review is de novo on the record requires us, as well, to consider these factors. The "failure to include a transcript of the trial makes it impossible for us to conduct an appropriate de novo consideration of the case or to determine whether the trial court erred relative to its determinations which were based in any part on that evidence." State v. Hayes, 894 S.W.2d 298, 300 (Tenn. Crim. App. 1994). Thus, even if the limited record before us indicates trial court error that might ordinarily overcome the statutory presumption of correctness that applies to the trial court's determinations, we will still be unable to conduct a proper de novo review of the statutorily relevant factors in the absence of the trial transcript.

Nevertheless, most of the trial court's reasoning with respect to the application of the enhancement and mitigating factors was based upon the certified judgments introduced at the sentencing hearing and the presentence report. We are able to determine from the record before us that the trial court correctly applied enhancement factor (8), involving "a previous history of unwillingness to comply with the conditions of a sentence involving release into the community." Tenn. Code Ann. § 40-35-114(8). The defendant argues that although his probation was revoked in 1991, he successfully completed a three-year probationary period for a federal offense as well as several probationary periods for misdemeanors after 1991. For this reason, he concludes that the state has failed to prove by a preponderance of the evidence that he was unwilling to comply with the conditions of a sentence involving release. The state argues that factor (8) applies because the defendant's probation for three 1991 convictions of automobile burglary was revoked on November 22, 1991. We agree that this revocation indicates a previous history of unwillingness to comply even if the defendant also complied with the conditions of past probationary periods. In any event, although the trial court applied factor (8), it placed great emphasis on the defendant's extensive criminal history. We believe the defendant's numerous convictions, including eight forgery convictions, fully justify the trial court's imposition of the maximum sentence.

Regarding manner of service of the sentences, the defendant contends that the trial court failed to consider the factors in Tenn. Code Ann. § 40-35-103 and to place its reasons for denying a sentencing alternative on the record. The state summarily argues that the trial court properly concluded that incarceration was appropriate in this case. We begin by noting that as a Range II, multiple offender, the defendant is not among those presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). "Sentences involving confinement should be based on the following considerations:"

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). The defendant does not explain why these considerations do not apply to him. Furthermore, we are not in a position to evaluate subsection (B), relating to the seriousness of the offense, because the defendant has failed to provide us with the trial transcript. For this reason, we will presume the trial court's sentence of incarceration is correct.

Based upon the foregoing and the record as a whole, we affirm the sentences imposed by the trial court.

_____
JOSEPH M. TIPTON, JUDGE