IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 1, 2002

## STATE OF TENNESSEE v. JOHN L. SHELTON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-06311     James C. Beasley, Jr., Judge**

_____

**No. W2002-00127-CCA-R3-CD  - Filed February 12, 2003**

_____

The defendant, John L. Shelton, pled guilty to driving after having been declared a motor vehicle habitual offender, and was sentenced to one day in jail and a fine of one dollar. The State appealed, arguing that the sentence was illegal.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michael S. Davis, Assistant District Attorney General, for the appellant, State of Tennessee.

Steven M. Temple, Memphis, Tennessee, for the appellee, John L. Shelton.

**OPINION**

**FACTS**

The defendant was declared to be a motor vehicle habitual offender on November 9, 1990; and, on January 25, 2001, he was ticketed after running a red light with the vehicle he was operating. Subsequently, he was indicted for violating Tennessee Code Annotated section 55-10-616.  He entered a plea of guilty to this offense and was sentenced to one day in jail and a one dollar fine.

**ANALYSIS**

**I.  Sentencing**

The motor vehicle habitual offender ("MVHO") statute provides as follows:

**Driving while restriction in effect – Class E felony.**

(a) It is unlawful for any person to operate any motor vehicle in this state while the judgment or order of the court prohibiting the operation remains in effect.

(b) Any person found to be an habitual offender under the provisions of this part who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a Class E felony.

(c) The court has no power to suspend any such sentence or fine, except that in cases where such operation is necessitated in situations of apparent extreme emergency which require such operation to save life or limb, the sentence or any part thereof or fine or any part thereof may be suspended by the court, in its discretion.

Tenn. Code Ann. § 55-10-616 (1998).

Thus, operation of a vehicle by a person previously declared to be an habitual offender is punishable as a Class E felony, the punishment for which is set out in Tennessee Code Annotated section 40-35-112(a)(5) as "not less than one (1) nor more than two (2) years." The State timely appealed the sentence, arguing that, because the defendant had pled guilty to a Class E felony, the minimum sentence was one year. The defendant responds that the State cannot appeal the sentence because its claim is not within the enumerated bases for a State's appeal, as set out in Tennessee Code Annotated section 40-35-402:

(a) The district attorney general in a criminal case may appeal from the length, range or manner of the service of the sentence imposed by the sentencing court. The district attorney general may also appeal the imposition of concurrent sentences. In addition, the district attorney general may also appeal the amount of fines and restitution imposed by the sentencing court. An appeal pursuant to this section shall be taken within the same time and in the same manner as other appeals in criminal cases. The right of the appeal of the state is independent of the defendant's right of appeal.

(b) An appeal from a sentence is limited to one (1) or more of the following conditions:

(1) The court improperly sentenced the defendant to the wrong sentence range;

(2) The court granted all or part of the sentence on probation;

(3) The court ordered all or part of the sentences to run concurrently;

(4) The court improperly found the defendant to be an especially mitigated offender;

(5) The enhancement and mitigating factors were not weighed properly;

(6) The court failed to impose the fines recommended by the jury; or

(7) The court failed to order the defendant to make reasonable restitution.

As we understand the State's argument on appeal, the trial court improperly sentenced the defendant, a one-day sentence being available only "if the trial court suspended the defendant's sentence nearly in its entirety." According to the State, the minimum to which the defendant could be sentenced was one year, that being the minimum punishment for a motor vehicle habitual offender found to be operating a vehicle, as provided by Tennessee Code Annotated section 55-10-616. We agree that Tennessee Code Annotated section 40-35-402(a) authorizes state appeals to challenge the length of a sentence, and we conclude that the limitations of state appeals set forth in section 40-35-402(b) do not clearly prevent a state challenge to the length of a sentence imposed by the trial court.[1] However, having so concluded, we determine that the State's argument is without merit. The problem with the State's claim is that Tennessee Code Annotated section 40-35-211(2) provides that an E felony, of which the defendant was convicted, may be punishable by confinement for less than a year, as the trial court did in this matter:

> If the minimum punishment for any offense is imprisonment in the penitentiary for one (1) year, but in the opinion of the court the offense merits a lesser punishment, the defendant may be sentenced to the local jail or workhouse for any period less than one (1) year, except as otherwise provided.

Tenn. Code Ann. § 40-35-211(2) (1997).

---

[1] It is not clear from the record that the State did not agree that the defendant's punishment should be incarceration for one day and a fine of one dollar, the Petition for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty, which was signed by both counsel, having this provision. However, since this claim has not been raised on appeal, we will presume that the State did not agree to this punishment.

-3-

This court reviewed and disagreed with a similar claim by the prosecution in State v. Hayes, 894 S.W.2d 298, 300-01 (Tenn. Crim. App. 1994), that a sentence of six months in the workhouse as a MVHO was illegal:

> [W]e assume that the state, by contending that the sentence should be increased to the "statutory minimum," is asserting that the trial court imposed an illegal sentence. However, given the fact that the defendant's offense is a Class E felony for which the defendant, as a Range I, standard offender, was exposed to a minimum punishment of one year, see T.C.A. §§ 40-35-111(b)(5) and -112(a)(5), the trial court was entitled to sentence him to the workhouse for any period less than one year if the offense so merited. T.C.A. § 40-35-211(2). Thus, the six-month workhouse sentence is not illegal.

Id. at 301.

In contrast to Tennessee Code Annotated section 55-10-403(a), providing that a "fourth or subsequent [DUI] conviction shall be a Class E felony punishable . . . by confinement for not less than one hundred fifty (150) consecutive days, to be served day for day," the MVHO statute does not require that a minimum period be served, only that a violation is punishable as a Class E felony. However, "a day and a dollar" being within the permissible range of punishment for violation of a Class E felony, we conclude that the defendant was not illegally sentenced.

### CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE