# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
May 4, 2004 Session

## STATE OF TENNESSEE v. PRESTON YOUNG

**Appeal from the Criminal Court for Shelby County**
**No. 99-10024     Arthur T. Bennett, Judge**

---

**No. W2001-02162-CCA-R3-CD  - Filed August 20, 2004**

---

The defendant, Preston Young, appeals the Shelby County Criminal Court's denial of probation and imposition of a two-year sentence for his jury conviction of criminally negligent homicide. Because the record is insufficient for our statutorily mandated *de novo* review of the sentence, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Gerald Stanley Green, Memphis, Tennessee, for the Appellant, Preston Young.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Carmille McMullin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The defendant was charged with reckless homicide, *see* Tenn. Code Ann. § 39-13-215 (2003), and the case was originally mistried when the jury failed to reach a verdict. The second trial, conducted in April 2001, resulted in a conviction of the lesser-included offense of criminally negligent homicide, a Class E felony. *See id.* § 39-13-212 (2003). Following a sentencing hearing, the trial court sentenced the defendant to serve a two-year sentence in the county workhouse as a Standard, Range I offender. *See id.* § 40-35-112(a)(5) (2003) (establishing Range I punishment for Class E felony at one to two years). Aggrieved of the length of his sentence and the trial court's denial of probation, the defendant appeals.

Normally, at this juncture in this court's opinion, we would explain the facts underlying the defendant's conviction; however, we are unable to review the facts in the present case. A brief reference in the presentence report is all that informs us that the conviction of criminally negligent homicide resulted from the death of a child who had been abandoned aboard

a day-care-center bus driven by the defendant.  However, the record contains neither a transcript of the trial nor of the sentencing hearing.

The trial court's sentencing determination is based in part upon "[t]he evidence . . . received at the trial and the sentencing hearing" and the "nature and characteristics of the criminal conduct involved."  *Id.* § 40-35-210(b)(1), (4) (2003).  Appellate review of the sentence is *de novo*.  *Id.* § 40-35-401(d) (2003).  The appellate court cannot conduct a *de novo* review without the transcripts of the trial and sentencing hearing.  *State v. Hayes*,  894 S.W.2d 298, 300 (Tenn. Crim. App. 1994).  In this situation, we must presume the correctness of the trial court's ruling.  *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE