**STATE of Tennessee,
Appellee/Appellant,**

v.

**Freddie Everett RUSSELL,
Appellant/Appellee.**

Supreme Court of Tennessee,
at Jackson.

Nov. 19, 1990.

Freddie Everett Russell, pro se.

John E. Herbison, Paul J. Morrow, Jr., Nashville, for amicus curiae, Tennessee Ass'n of Criminal Defense Lawyers.

Charles W. Burson, Atty. Gen. and Reporter, and Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, for State.

## OPINION

F. LLOYD TATUM, Special Justice.

The defendant, Freddie Everett Russell, was convicted of aggravated rape (sexual penetration of a child under the age of 13 years), incest and crime against nature with the same child. The age of the victim was not alleged in the second and third counts but was alleged in the first count. Upon conviction of all three counts, the Trial Court found the defendant to be a Range I Standard offender and imposed a Range I sentence as to each count, each sentence being for a term of 20 years. The sentences were ordered to run concurrently. The 20–year sentence is within Range I for Count I (aggravated rape)[1] within

---

1.  Aggravated rape (T.C.A. § 39–2–603(b)) is pun- ishable from 20 years to life.  Range I offenders

Range II for Count 2 (incest) [2] and in excess of the maximum for Count III (crime against nature).[3]

The defendant filed a notice of appeal on July 28, 1988. In the defendant's brief filed in the Court of Criminal Appeals, he asserted insufficiency of the evidence, erroneous admission of his tape-recorded conversation, and the illegality of the sentence imposed for crime against nature. By responsive brief, the State conceded the error on the crime against nature sentence because the maximum punishment for this offense is 15 years. The State also assigned issue that the Range I sentencing was "erroneous"; that Range II sentencing was required. The Court of Criminal Appeals modified the 20-years sentence imposed under Counts 2 and 3 (incest and crime against nature) to 5 years on each count, but declined to grant relief to the State with the result that all sentences are at this stage minimum Range I sentences. This Court granted the State's application to appeal for the purpose of considering the State's issue concerning the legality of the Range I sentences.

The defendant is now without representation, his appointed counsel having withdrawn on motion pursuant to Supreme Court Rule 13. However, we have considered the brief and reply brief filed upon his behalf in the Court of Criminal Appeals and the Amicus Curiae brief which supports the defendant.

The Court of Criminal Appeals held that under T.C.A. § 40–35–107(5), (8)[4] and § 40–35–109(c)[5] (Supp.1988), these offenses are especially aggravated offenses and Range II sentences should be imposed. We agree that this statement is correct when the defendant receives proper notice as we will later discuss. The Court of Criminal Appeals also correctly stated that when a Trial Court sentences a defendant to a wrong sentence range, the law gives the State the right to appeal and assign the error as issue. T.C.A. § 40–35–107(10) (1968), § 40–35–403(a), and (b)(1) (1982). However, the Court of Criminal Appeals declined to grant the State any relief on the sentencing issue because the State did not appeal from the Trial Court's erroneous sentences, but raised the question only in its responsive brief. We must determine whether this procedure entitled the State to a review of its issue.

Rule 13 of the Tennessee Rules of Appellate Procedure provides:

"Rule 13. Scope of Review.—(a) Questions of Law That May Be Urged on Appeal.—Except as otherwise provided in Rule 3(e), any question of law may be brought up for review and relief by any party. Cross-appeals, separate appeals, and separate applications for permission to appeal are not required."

Rule 27(b) of the Rules of Appellate Procedure provides that:

"If appellee is also requesting relief from the judgment, the brief of the appellee shall contain the issues and arguments involved in his request for relief as well

may be punishable from 20 to 40 years and Range II offenders are punishable from 40 to 60 years.

2. Incest is punishable from 5 to 21 years. (T.C.A. § 39–4–306(b).) Range I offenders may be sentenced from 5 years to 13 years and Range II offenders may be punishable from 13 years to 21 years.

3. Crime against nature (T.C.A. § 39–2–612) is punishable at not less than 5 years nor more than 15 years. Range I offenders are punishable from 5 to 10 years and Range II offenders are punishable from 10 to 15 years.

4. **40–35–107. Especially aggravated offense—** An "especially aggravated offense" is: (5) A violation of §§ 39–3–603, 39–2–604, 39–2–606, 39–

2–612, 39–4–306, 39–4–307, 39–6–1137, and 39–6–1138, involving child sexual abuse as defined in § 37–1–602.

(8) A defendant who is found by the court beyond a reasonable doubt to have committed an especially aggravated offense shall receive a sentence within Range II.

5. **40–35–109. Sentencing Ranges.—**(c) The court shall fix the sentence for any person who is found by the court to be a persistent offender and/or who is convicted of an especially aggravated offense to a term within Range II. The court shall fix the sentence for a standard or especially mitigated offender to a term within Range I.

as the answer to the brief of the appellant."

Tenn.R.App.P. Rule 27(c) provides:

"Rule 27. Content of Brief.—(c) Reply Briefs.—The appellant may file a brief in reply to the brief of the appellee. If the appellee also is requesting relief from the judgment, the appellee may file a brief in reply to the response of the appellant to the issues presented by appellee's request for relief."

In *Edwards v. Hunt*, 635 S.W.2d 696, 698 (Tenn.App.1982), it was held:

"The first question for decision is whether the party filing a notice of appeal is able to later terminate all counter appeals by dismissing his notice of appeal. We hold that he cannot.

It was the intention of Rule 13 TRAP that only one notice of appeal be filed and that the right of cross appeal shall exist without a notice of cross appeal. The comments to Rule 13 contain these words:

'... there seems to be no good reason for so limiting the questions an appellee may urge on review. The result of eliminating any requirement that an appellee file his own notice of appeal is that once any party files a notice of appeal the appellate court may consider the case as a whole.' "

The rules make it clear that when one party to a suit perfects its appeal as provided in Rule 3, Tenn.R.App.P., then it is not necessary for the other party to file a notice of appeal. The party not filing the notice of appeal is permitted to state his issues in his Reply Brief. The filing of an appeal by one party removes the entire case to the Appellate Court where both parties may present issues in accordance with the rules. The rules do not require the State, as appellee, to file a separate notice of appeal when the defendant has previously appealed. The rules make no distinction as to the procedure to be employed when the State is the appellee and desires to present issues. We disagree with the Court of Criminal Appeals in its holding that the State must file a separate appeal in order to obtain a review of the sentencing issue it sought to present. The above rules were applied in *State v. Valentine*, 659 S.W.2d 27 (Tenn.Crim.App.1983) and apparently in *State v. Curtis*, 743 S.W.2d 195 (Tenn.Crim.App.1987).

This Court has held that when the Trial Court itself has made an unauthorized sentencing decision it can be corrected at any time, even if the correction is to the detriment of the defendant. The leading case is *State v. Burkhart*, 566 S.W.2d 871 (Tenn. 1978), in which the Department of Correction changed a concurrent sentence to a consecutive one. The inmate petitioned to enforce the original judgment, and it was held that the Trial Court must correct the original order because consecutive sentencing was mandatory for his combination of offenses.

Similarly, where defendant pled guilty to an illegally low sentence and then appealed from the denial of probation in *State v. Hamlin*, 655 S.W.2d 200 (Tenn.Crim.App. 1983), the Court of Criminal Appeals noticed *sua sponte* that the error was illegally low and remanded for a new trial.

It is true that Rule 3 does not expressly provide that the State is entitled to appeal this sentencing issue. However, as previously stated, this right of appeal is given to the State by statute.[6] We hold that the

---

6. **40–35–403. Appeal of sentence by state.**—(a) The district attorney general may appeal from the range or manner of the service of the sentence imposed by the court only as provided by subsection (b). Provided, however, that the district attorney general may not appeal the place of confinement or the percentage of confinement required before a defendant is eligible for any release classification program except parole. An appeal pursuant to this section shall be taken within the same time and in the same manner as other appeals in criminal cases. The right of the appeal of the state shall be independent of the defendant's right of appeal.

(b) An appeal from a sentence shall be limited to one (1) or more of the following conditions:

(1) The court improperly sentenced the defendant to the wrong sentence range or improperly found the defendant not to be a persistent offender and/or that the offense was not an especially aggravated offense; ...

**40–35–107. Especially aggravated offender.**—(10) The finding that a defendant is or is not

State did not waive its right to a review of the sentencing issue by failing to file a separate appeal. The State properly assigned the issue in its Reply Brief.

■ We next consider whether the State has waived the sentencing issue by failing to file a notice of intent to seek Range II sentencing or otherwise raise the issue in the Trial Court.

Were the error asserted in this case merely a matter of "Range II" sentencing based on defendant's release status, or the nature of injuries inflicted, or his prior convictions, T.C.A. §§ 40–35–107(1), (2), (4), and 40–35–106, the State's failure to litigate the matter in the Trial Court would be a waiver for several reasons. The Judge–Sentencing Act of 1982 requires that notice be filed and that findings of fact be made "beyond a reasonable doubt" on these bases. *See* T.C.A. §§ 40–35–202(a), and 40–35–107(8), (9) (1988 Supp.). The act of 1982 contemplates a separate hearing with presentation of evidence and an opportunity to answer. T.C.A. § 40–35–209(b), (c), and 40–35–210.

Except in cases of "child sexual abuse," the basis for Range II sentencing will not have been included in the indictment and not necessarily found by the jury. Thus, the appellate court would not be competent to receive evidence and make findings, and the State would have failed to take reasonable action to prevent the error. Tenn.R. App.P. 36(a). However, in "child sexual abuse" cases, notice of Range II sentencing is given in the indictment and a separate hearing to determine the child's age is not necessary. Notice of intent to seek enhanced punishment (§ 40–35–202(a)) is not necessary when the indictment charges "child sexual abuse".

In another context, this Court has recognized that Ranges I and II do not have the same force as the punishment limits set by the penal statutes. In *State v. Mahler*, 735 S.W.2d 226 (Tenn.1987), it was held that a defendant can waive "Range I" sentencing in a negotiated plea, and the resulting sentence is not illegal or void so long as it is

within the outer limits of the penal statutes. Similarly, the State would waive "Range II" sentencing by failing to file the required notice, failing to present proof of the basis relied on, or deliberately, by striking a Range II notice in exchange for a guilty plea. This is similar to allowing a defendant to plead to a lesser offense, and is a common tool in plea bargaining.

By contrast, the sentencing error in this case is not merely a wrong choice of "Ranges." The child sexual abuse amendment altered the mandatory lower limit of punishment in these cases, so the judgment as it stands is unauthorized on its face. That is, the crime for which defendant was indicted in Count 1 and convicted (rape of a child under 13) carried a sentence of 40 to 60 years.

Counts 2 and 3, charging incest and crime against nature, do not allege that the victim was under the age of 13 years. Each count in an indictment is, in legal contemplation, a separate indictment; each count must be a complete indictment in itself. *Usary v. State*, 172 Tenn. 305, 112 S.W.2d 7 (1938). Hence, Range II sentencing is required and authorized only with respect to Count 1, which does allege that the child is under the age of 13 years. As stated, no notice of intent to seek Range II punishment was filed by the State.

For the above reasons, we hold that in child sex abuse cases, it is not necessary for the State to file notice of intent to seek Range II sentences when the indictment alleges that the child is under 13 years of age. Count 1 of the indictment alleged that the victim was under the age of 13 years and the law requires Range II sentences with respect to Count 1.

■ The Court of Criminal Appeals and the Amicus Curiae suggest constitutional double jeopardy questions arising from the increase of sentence resulting from the alteration of the sentencing range from Range I to Range II. In *State v. Tony Griffith*, 787 S.W.2d 340 (1990), this Court was called upon to determine the constitutionality of T.C.A. § 40–35–106(e)(3), which

an especially aggravated offender shall be ap-

pealable by either party.

authorizes the Trial Court to increase a sentence following revocation of defendant's community corrections sentence. In upholding the constitutionality of the statute, this Court, speaking through Mr. Justice Cooper, stated:

"The guarantee against double jeopardy arising out of the Fifth Amendment to the United States Constitution is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Tennessee Constitution also prohibits a person being twice put in jeopardy of life or limb for the same offense. Article 1, Section 10. The guarantee consists of three separate constitutional protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the Supreme Court set out several principles regarding double jeopardy rights as they pertain to sentencing. In *DiFrancesco,* the Court upheld a statutory provision which allows the government to appeal a sentence imposed upon a 'dangerous special offender' and held that neither government appeal of the sentence nor increase of the sentence on appeal violates the double jeopardy clause. In upholding the statute's validity, the Court held that a 'criminal sentence, once pronounced is [not] to be accorded constitutional finality on conclusiveness similar to that which attaches to a jury's verdict of acquittal.' 449 U.S. at 132, 101 S.Ct. at 434–35. The Supreme Court indicated, rather, that a court must exercise the defendant's legitimate expectation of the finality of his sentence including whether double jeopardy concerns are implicated on resentencing. *Id.* at 136–38, 101 S.Ct. at 437–38.

The Court further held that there is 'no double jeopardy protection against revocation of probation and imposition of imprisonment,' and thus concluded that a defendant does not have 'the right to know at any specific moment in time what the exact limit of his punishment will turn out to be.' *Id.* at 137, 101 S.Ct. at 437. Applying these principles to the case before it, the Court held that Di-Francesco's 'legitimate expectations are not defeated if his sentence is increased on appeal any more than are the expectations of the defendant who is placed on parole or probation that is later revoked.' *Id. See also United States v. Kuck,* 573 F.2d 25 (10th Cir.1978), wherein the Court rejected the defendant's claim that additional imprisonment after parole revocation was multiple punishment for the same offense."

The United States Supreme Court in the *DiFrancesco* case held that the increase of a sentence on appellate review under Title 18, U.S.C., § 3576, did not constitute multiple punishment and did not violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.

It appeared to be the reasoning of the Court of Criminal Appeals that when the State did not alert the Trial Court of a correct sentence and did not initiate the appeal, its attempt to double the sentence by raising the issue in its reply brief is either presumptively or actually vindictive.

A presumption of vindictiveness arises when a prosecutor charges a higher offense after a successful appeal. *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). The presumption of vindictiveness may also arise when the same sentencing authority imposes a higher sentence on remand from a successful appeal. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In the recent case of *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), the Supreme Court, in explaining the presumption of vindictiveness from an increased sentence as set forth in *North Carolina v. Pearce, supra,* said:

"While the *Pearce* opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness 'do[es] not apply in every case where a convicted defendant received a higher sentence on retrial.' *Texas v. McCullough, supra,* 475 U.S. [134] at 138, 106 S.Ct. [976] at 979 [89 L.Ed.2d 104 (1986) ]. As we explained in *Texas v. McCullough,* 'the evil the *[Pearce]* Court sought to prevent' was not the imposition of 'enlarged sentences after a new trial' but 'vindictiveness of a sentencing judge.' *Ibid. See also Chaffin v. Stynchcombe,* 412 U.S. 17, 25, 93 S.Ct. 1977, 1982, 36 L.Ed.2d 714 (1973) (the *Pearce* presumption 'may operate in the absence of any proof of an improper motive and thus ... block a legitimate response to criminal conduct,' *United States v. Goodwin, supra,* 457 U.S. [368] at 373, 102 S.Ct. [2485] at 2488 [73 L.Ed.2d 74 (1982) ], we have limited its application, like that of 'other "judicially created means of effectuating the rights secured by the [Constitution]," ' to circumstances 'where its "objectives are thought more efficaciously served," ' *Texas v. McCullough, supra,* 475 U.S., at 138, 106 S.Ct., at 979, quoting *Stone v. Powell,* 428 U.S. 465, 482, 487, 96 S.Ct. 3037, 3046, 3049, 49 L.Ed.2d 1067 (1976). Such circumstances are those in which there is a 'reasonable likelihood,' *United States v. Goodwin, supra,* 457 U.S., at 373, 102 S.Ct., at 2488, that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness, see *Wasman v. United States,* 468 U.S. 559, 569, 104 S.Ct. 3217 [3223], 82 L.Ed.2d 424 (1984)."

When the sentence imposed in the lower court does not conform with the sentencing laws, the increase in sentencing on appeal is a legitimate function of appellate courts and not an act of vindictiveness. This was done by the United States Supreme Court in *United States v. DiFrancesco.* Also see *State v. Webb,* 149 Ariz. 158, 717 P.2d 462 (Ariz.App.1985). We find no double jeopardy or other constitutional infirmities in the procedure employed by the State and the action taken by us to correct the error of the Trial Court.

We concur with the Court of Criminal Appeals that the other issues presented in that court are without merit.

It results that the judgment of the Court of Criminal Appeals is affirmed as to Counts 2 and 3. The judgment with respect to Count 1 is reversed and remanded to the Trial Court for Range II sentencing.

Costs are adjudged against the defendant.

DROWOTA, P.J., and FONES, COOPER, and O'BRIEN, JJ., concur.