# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1995 SESSION

FILED

**March 20, 1996**

**Cecil Crowson, Jr.**
Appellate Court Clerk

BILL R. DIXON, JR.,                              )
                                                 )
        Appellant,                       )
                                                 )
                                                 )
VS.                                              )      C.C.A. NO. 02C01-9503-CC-00070
                                                 )
                                                 )
STATE OF TENNESSEE.                              )
                                                 )
        Appellee.                        )


## CONCURRING OPINION


I agree with the majority's conclusion that the petitioner's sentence is illegal and, based on prior decisions of our Supreme Court, must be set aside. I write separately, however, to emphasize a policy concern which I believe has been overlooked in the debate regarding whether a sentence in which the term of imprisonment does not correspond to the range imposed must be set aside.


The majority correctly frames the precise issue which confronts us, namely, whether a defendant may be legally sentenced to a term of imprisonment which, although it falls within the entire range of authorized imprisonment for the particular felony class, does not correspond to the specific range imposed. As the majority points out, this Court has had considerable trouble with this issue. In fact, this Court has approved of some sentences in which the term of imprisonment did not correspond to the range imposed,[1]

---

[1] Examples of cases approving such a sentencing structure are State v. Terry, 755 S.W.2d 854 (Tenn. Crim. App. 1988); Terry L. Hicks, Jr., v. State, No. 02C01-9503-CC-00071, Madison County (Tenn. Crim. App. filed January 31, 1996, at Jackson); Darnell Gentry v. State, No. 02C01-9304-CC-00052, Gibson County (Tenn. Crim. App. filed June 29, 1994, at Jackson).

but has disapproved of other indistinguishable sentences.[2]

The Tennessee Supreme Court, on the other hand, has been somewhat more consistent with its treatment of this issue. Perhaps the most often cited case is State v. Mahler, 735 S.W.2d 226 (Tenn. 1987). In Mahler, the defendant pled guilty to second-degree murder with an agreed sentence of fifty years at Range II. Mahler, 735 S.W.2d at 227. Upon review, however, it appeared from the record that the defendant did not qualify as a Range II offender. Mahler, 735 S.W.2d at 227. In affirming the sentence the Court stated that the defendant's guilty plea waived any complaint regarding his range classification. Our Supreme Court held that because the term of imprisonment was "within statutory limits fixed for the offense of murder in the second degree," the sentence was not illegal. Mahler, 735 S.W.2d at 228 (emphasis added). The Court's language appears to focus the inquiry on whether the term of imprisonment is within the entire range of punishment for the offense, not on whether the term of imprisonment and the range imposed correspond to each other. It is important to note, however, that the defendant's fifty year term of imprisonment was not only within the statutory limit fixed for the offense, but also within the appropriate punishment for a Range II offender.

Our Supreme Court revisited this issue, albeit in a different procedural posture, three years later in State v. Russell, 800 S.W.2d 169 (Tenn. 1990). In Russell, the defendant was convicted of aggravated rape (sexual penetration of a child under thirteen years of age), incest, and crime against nature. The age of the victim was alleged in the first count but not in the second or the third count. The trial court sentenced the defendant as a Range I offender to twenty years on each count, with all counts concurrent. Russell, 800 S.W.2d at 169. The twenty year sentence was within

---

[2] Examples of cases disapproving such a sentencing structure are Ronald Lature McCray v. State, No. 02C01-9412-CC-00277, Fayette County (Tenn. Crim. App. filed September 27, 1995, at Jackson), and George Cheairs v. State, No. 02C01-9304-CC-00070, Fayette County (Tenn. Crim. App. filed October 26, 1994, at Jackson).

Range I for aggravated rape, within Range II for incest, and in excess of the maximum statutory punishment for crime against nature. Russell, 800 S.W.2d at 169-170. On appeal, the State conceded that the twenty year sentence for crime against nature was illegal. Yet the State also argued that because these offenses were especially aggravated, statutory sentencing guidelines required that Range II sentencing be imposed. Russell, 800 S.W.2d at 170. The Court held that the State's failure to file notice of intent to seek Range II sentencing effectively waived Range II sentencing on both the incest count and the crime against nature count. With respect to the aggravated rape, however, the Court held that notice of Range II sentencing was given in the indictment itself because that count alleged the age of the child. Russell, 800 S.W.2d at 172. Based on the Court's holding, the defendant's sentences for both the incest count and the crime against nature count were modified to five years each at Range I. Russell, 800 S.W.2d at 170. The case was remanded to the trial court for the imposition of a Range II sentence on aggravated rape. Russell, 800 S.W.2d at 174. Based on the sentence modification for the incest conviction, it appears that Russell requires the term of imprisonment and the range imposed to correspond to each other.

Confusion arises within Russell, however, from the following explanation of the holding in Mahler:

> In another context, this Court has recognized that Ranges I and II do not have the same force as the punishment limits set by the penal statutes. In State v. Mahler, 735 S.W.2d 226 (Tenn. 1987), it was held that a defendant can waive "Range I" sentencing in a negotiated plea, and the resulting sentence is not illegal or void so long as it is within the outer limits of the penal statutes.

Russell, 800 S.W.2d at 172. This language appears to indicate, perhaps contrary to the holding in Russell, that a sentence's range classification and its term of imprisonment do not have to correspond to each other. Yet in keeping with the holding in Russell, it could

3

be argued that the application of this language is restricted to negotiated pleas, as was the case in Mahler.

Thus, the teaching of Mahler and Russell appears to be, notwithstanding some language seemingly at odds with the holdings, that a sentence's term of imprisonment and range must correspond to each other.

Applying the above considerations to the present case, I am forced to agree with the majority that the defendant's Range I five year sentence for unlawful possession of a deadly weapon, which actually falls within the punishment limits of Range III, is illegal and must be set aside. On remand, as the majority indicates, proceedings on the guilty plea shall be governed by Rule 11(e)(2) or Rule 11(e)(4) of the Tennessee Rules of Criminal Procedure. I concur with the majority's disposition of the case before us.

Yet, I do wish to voice a concern over the implications of this holding, so that its application might be tempered by reason. In the present case, the petitioner was indicted relatively recently, on September 15, 1992. If, upon remand, the petitioner were to withdraw his guilty pleas and force the State to proceed to trial, witnesses' memories would hopefully still be fresh and evidence would still be available.

Should the case arise, however, in which a considerable period of time has passed since a negotiated plea agreement, I believe that the State's legitimate interest in finality might outweigh a petitioner's interest in setting aside his or her illegal sentence arrived at through a knowing, intelligent, and voluntary guilty plea. In such a case, there exists the distinct possibility that witnesses' memories will have faded to such a degree as to make proceeding to trial virtually impossible. Moreover, witnesses and evidence simply may not be available. In fact, evidence may have even been destroyed in accordance with law enforcement procedures. Under such circumstances, a petitioner's

4

interest in setting aside a negotiated sentence, which more than likely the petitioner accepted because it was beneficial to him or her, is minimal when compared with the State's interests in preventing stale litigation and excessive costs.

Having expressed my concerns regarding the somewhat confusing case law on this issue, and the potentially broad application of the holding in the present case, I concur with the majority in all other respects.

_____
JOHN H. PEAY, Judge