IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2002

## STATE OF TENNESSEE v. WOODSON CARTER CRINER

**Appeal from the Circuit Court for Lauderdale County**
**No. 6943     Joseph H. Walker, Judge**

_____

**No. W2001-01940-CCA-R3-CD - Filed October 31, 2002**

_____

The defendant, Woodson Carter Criner, was convicted in the Lauderdale County Circuit Court of driving under the influence (DUI) and received a sentence of eleven months, twenty-nine days to be suspended after serving one hundred twenty days in jail and a fine of one thousand one hundred dollars. The state appeals, claiming that the defendant's DUI sentence is illegal because the defendant was convicted of felony DUI. Although we hold that the trial court could sentence the defendant to less than one year for a Class E felony, we remand the case to the trial court to clarify whether the defendant was convicted of felony or misdemeanor DUI, review the defendant's sentence, and reenter the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment Vacated, Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and J. Thomas Caldwell, Assistant District Attorney General, for the appellant, State of Tennessee.

J. Thomas Caldwell, Ripley, Tennessee, for the appellee, Woodson Carter Criner.

### OPINION

The defendant was charged with and convicted of DUI and driving on a revoked license, the latter not being appealed. At the defendant's bench trial, Officer Willard Lane, Jr. of the Ripley Police Department testified that on June 5, 1999, he stopped the defendant's car after seeing it run off the road twice. When Officer Lane approached the car and spoke to the defendant, he noticed that the defendant smelled strongly of alcohol. Officer Lane gave the defendant field sobriety tests, which he could not complete. Officer Lane arrested the defendant, who was taken to jail. A breathalyzer test revealed that the defendant's blood alcohol content was 0.24 percent. The state introduced judgments showing that the defendant had four prior DUI convictions.

The trial transcript and the trial court's written order reflect that the trial court found that the state had proven beyond a reasonable doubt that the defendant was guilty of driving on a revoked license and felony DUI. At the sentencing hearing, the trial court sentenced the defendant to eleven months, twenty-nine days for each conviction. For the DUI, it also ordered the defendant to serve one hundred twenty days in confinement and pay the statutory minimum fine of one thousand one hundred dollars. After the trial court announced the sentences, the state asked the trial court if it was sentencing the defendant for DUI, third offense, which is a misdemeanor. The trial court replied, "It's 11 months and 29 days for a DUI fourth."

The state appeals, claiming that the defendant's misdemeanor sentence for a felony conviction is illegal. The defendant contends that the trial court properly sentenced him because according to the judgment, the trial court found him guilty of DUI, third offense. In addition, he contends that the state's appeal is barred by the protections against double jeopardy.

Relative to punishments for third and fourth DUI convictions, Tenn. Code Ann. § 55-10-403(a)(1) provides:

> For the third conviction, there shall be imposed a fine of not less than one thousand one hundred dollars ($1,100) nor more than ten thousand dollars ($10,000), and the person or persons shall be confined in the county jail or workhouse for not less than one hundred twenty (120) days nor more than eleven (11) months and twenty-nine (29) days . . . . Notwithstanding any other provision of law to the contrary, the fourth or subsequent conviction shall be a Class E felony punishable by a fine of not less than three thousand dollars ($3,000) nor more than fifteen thousand dollars ($15,000); by confinement for not less than one hundred fifty (150) consecutive days, to be served day for day, nor more than the maximum punishment authorized for the appropriate range of a Class E felony . . . .

The range of punishment for a Range I, standard offender convicted of a Class E felony is one to two years. Tenn. Code Ann. § 40-35-112(a)(5).

Although the state contends that the minimum sentence allowed in this case was one year for the defendant's felony DUI conviction, we note that Tenn. Code Ann. § 40-35-211(2) permits a trial court to impose a lesser punishment than the statutory minimum for a Range I, Class E felony. Therefore, the trial court could properly sentence the defendant to eleven months, twenty-nine days for a DUI, fourth offense. However, the trial and sentencing hearing transcripts conflict regarding whether the trial court convicted the defendant of misdemeanor or felony DUI. At the bench trial, the trial court stated that the defendant was guilty of felony DUI, but at the sentencing hearing, it sentenced him to the statutory minimum fine and time served in confinement for DUI, third offense, a misdemeanor. Moreover, the judgment of conviction reflects that the defendant was convicted of misdemeanor DUI. Normally, when conflicts exist between evidence transcripts and court minutes,

the transcripts control. See State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). Given the fact that the judgment differs from the transcript, but the trial and sentencing hearing transcripts reflect contradictory convictions, we conclude that we must vacate the judgment and remand the case to the trial court to resolve the conflicts, review the defendant's DUI sentence, and enter an appropriate judgment.

The defendant claims that the state's appeal violates his rights against double jeopardy. The double jeopardy clauses of both the United States and Tennessee Constitutions state that no person shall be twice put in jeopardy of life or limb for the same offense. U.S. Const. amend. V; Tenn. Const. art. I, § 10. However, our supreme court has held that the state's appeal of a defendant's illegal sentence does not violate double jeopardy protections. See State v. Russell, 800 S.W.2d 169, 172-74 (Tenn. 1990).

Based on the foregoing and the record as a whole, we vacate the judgment and remand the case to the trial court for proceedings consistent with this opinion.

_____
JOSEPH M. TIPTON, JUDGE