# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 5, 2002

## STATE OF TENNESSEE v. JOHN RICHENBERGER

**Appeal from the Criminal Court for Shelby County**
**No. 01-07805     John P. Colton, Jr., Judge**

---

**No. W2002-01788-CCA-R3-CD  - Filed February 12, 2003**

---

The defendant, John Richenberger, entered a plea of guilt to driving under the influence, fourth offense, a Class E felony.  The trial court imposed a Range I jail sentence of one year, requiring a mandatory minimum of 150 days' service.  There was a $3,000.00 fine.  In this appeal, the defendant argues that the trial court erred by failing to order a sentence in the community corrections program.  The judgment is affirmed and the cause remanded for consideration of correction of the length of the sentence.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Jeffrey Jones, Bartlett, Tennessee, for the appellant, John Richenberger.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; and Tom Hoover, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The indictment alleged that on March 20, 2001, the defendant, while under the influence of an intoxicant, operated a motor vehicle on a public highway in Shelby County. See Tenn. Code Ann. § 55-10-401 (1998).  The indictment also charged that the defendant had been convicted of driving under the influence on three prior occasions.  Each of the prior three convictions was dated October 6, 1997.  A 1998 amendment to the statute regarding penalties for driving under the influence convictions had established that a fourth offense qualified as a Class E felony. See Tenn. Code Ann. § 55-10-403(a)(1) (1998); State v. Janice Carol Biskner, No. E2000-01440-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Nov. 13, 2001) (holding that the statute creating a Class E felony for fourth offense driving under the influence does not violate the constitutional prohibition against ex post facto laws).

In a pre-trial motion, the defendant argued that he was eligible for community corrections even though probation, due to statutory constraints, was admittedly not an alternative. The driving under the influence sentencing statute, in pertinent part, provides as follows:

> Notwithstanding any other provision of law to the contrary, the fourth or subsequent conviction shall be a Class E felony punishable by a fine of not less than three thousand dollars ($3,000) nor more than fifteen thousand dollars ($15,000); by confinement for not less than one hundred fifty (150) consecutive days, to be served day for day, nor more than the maximum punishment authorized for the appropriate range of a Class E felony; and the court shall prohibit the person from driving a motor vehicle for a period of five (5) years. For the provisions of the preceding sentence to apply, at least one (1) of the violations of § 55-10-401 must occur on or after July 1, 1998. . . .

Tenn. Code Ann. § 55-10-403(a)(1) (1998).

The trial court ruled that the defendant was ineligible for community corrections. It based its holding on the provisions of the statute directing confinement in a county jail or workhouse for a conviction for first, second, or third offense DUI. While acknowledging that there was no such statutory language for the felony offense of driving under the influence, the trial court determined that "it is inconceivable that the legislature could have intended that only those convicted of lesser DUI's would be remanded to the county jail or workhouse." The trial court also observed that a conviction for a second offense for driving under the influence authorized an "inpatient alcohol or drug treatment program" for up to 28 days but required "the remainder of the confinement imposed . . . in the county jail or workhouse." See Tenn. Code Ann. § 55-10-403(a)(4)(A) (1998). After the entry of the guilty plea, the trial court imposed the sentence at issue.

In this appeal, the defendant, without further comment, concedes that the sentence should have been two years but argues that he should have been granted the opportunity of a community corrections program. The state did not address the length-of-sentence issue and the record on appeal does not include the prior criminal record of the defendant for range determination purposes. See Tenn. Code Ann. §§ 40-35-105, -106, -112. As a Range I offender, the defendant would qualify for a sentence not less than one year nor more than two. See Tenn. Code Ann. § 40-35-112(a). As a Range II offender, the sentence would be from two to four years. See Tenn. Code Ann. § 40-35-112(b). The state does submit that the plain language of Tennessee Code Annotated section 55-10-403(a)(1) mandates "confinement for not less than one hundred fifty (150) consecutive days, to be served day for day, nor more than the maximum punishment authorized for the appropriate range of a Class E felony." (Emphasis added.) It contends that Tennessee Code Annotated section 40-35-104(c), which lists sentencing alternatives to incarceration, refers to "confinement" as a term served in the local jail or the local workhouse, thereby precluding treatment under the community corrections program.

In matters of statutory construction the role of this court is to ascertain and give effect to the intent of the legislature. State v. Williams, 623 S.W.2d 121, 124 (Tenn. Crim. App. 1981). The meaning of a statute is to be determined not from specific words in a single sentence or section but from the act in its entirety in light of the general purpose of the legislation; any interpretations should express the intent and purpose of the legislation. National Gas Distrib., Inc. v. State, 804 S.W.2d 66, 67 (Tenn. 1991); Loftin v. Langsdon, 813 S.W.2d 475, 478-79 (Tenn. Ct. App. 1991).

Tennessee Code Annotated section 55-10-403(m) provides that the 1989 Criminal Sentencing Reform Act "shall [not] be construed as altering, amending or decreasing the penalties established . . . for the offense of driving under the influence of an intoxicant." In State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1995), our supreme court ruled that Tennessee Code Annotated section 40-35-302, a part of the 1989 Act, had no application because of its "potential to alter or decrease the mandatory minimum and maximum penalty provisions for DUI." Our high court determined that the terms of the earlier Reform Act "may not operate to reduce the mandatory minimum sentencing provisions of the DUI statute." Id. Later, in State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998), our supreme court declared Tennessee Code Annotated section 40-35-210(f), a part of the 1989 Act, "clearly inapplicable to DUI sentencing." The same rationale, in our view, would apply to the Community Corrections Act of 1985. That is, the plain terms of section 55-10-403(a) would prevail over a previously enacted alternative sentence which could serve to reduce the mandatory minimum term of confinement. Furthermore, even if the defendant qualified for a community corrections program, the record is inadequate for any grant of relief. The record does not include a pre-sentencing report. There is no transcript of any sentencing hearing. It was the defendant's responsibility to include a complete record on appeal. State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). In the absence of an adequate record, the trial court ruling is presumptively correct. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

That the defendant concedes that his minimum possible sentence is two years implies that he has a prior criminal record. One may qualify as a "multiple offender" for Range II punishment by having:

> (1)    A minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes where applicable; or

> (2)    One (1) Class A prior felony conviction if the defendant's conviction offense is a Class A or B felony.

Tenn. Code Ann. § 40-35-106(a). For a Class E felony, the sentence can be no less than two nor more than four years when the defendant qualifies as a Range II offender. Tenn. Code Ann. § 40-35-112(b)(5).

The Sentencing Commission Comments to Tennessee Code Annotated section 40-35-106 establish that the trial judge has a duty to designate the defendant as a multiple offender when he has

the required number of prior convictions. Tenn. Code Ann. § 40-35-106, Sentencing Commission Comments. A sentence in direct contravention of a statute is illegal and can be set aside at anytime, even after the judgment has become final. <u>State v. Burkhart</u>, 566 S.W.2d 871, 873 (Tenn. 1978). An increase in the classification from Range I to Range II would ordinarily be a legitimate function of the appellate court. <u>State v. Russell</u>, 800 S.W.2d 169, 173 (Tenn. 1990). Tennessee Code Annotated section 40-35-106(c) provides that "[a] defendant who is found . . . beyond a reasonable doubt to be a multiple offender shall receive a sentence within Range II." Because this court cannot ascertain the appropriate range, the cause must be remanded to the trial court for any correction of sentence that may be warranted. Otherwise, the judgment is affirmed. The costs are adjudged against the defendant.

 

 

_____
GARY R. WADE, PRESIDING JUDGE