IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 17, 2009 Session

**KATHY MICHELLE FOWLER v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2005-C-1625     Steve Dozier, Judge**

**No. M2009-00700-CCA-WR-CO - Filed November 4, 2010**

Petitioner, Kathy Michelle Fowler, was indicted by the Davidson County Grand Jury in one indictment for domestic assault, harassment, and aggravated criminal trespass. Petitioner subsequently pled guilty to domestic assault. The remaining two charges were dismissed. Petitioner was sentenced to eleven months and twenty-nine days, to be served on probation. Petitioner filed a petition to expunge the dismissed charges pursuant to Tennessee Code Annotated section 40-32-101. After a hearing, the trial court denied the petition, concluding that the plain language of the statute excluded expungement of "cases in which the defendant has been convicted of a charge within the case." Petitioner filed a petition for a writ of certiorari in this Court. We granted the petition in order to determine if the trial court has exceeded its jurisdiction or has acted illegally. After a review of the record, we determine that based on this Court's decision in *State v. Gerald Gifford*, No. E2006-02500-CCA-R3-CD, 2008 WL 1813105 (Tenn. Crim. App., at Knoxville, Apr. 23, 2008), *perm. app. denied*, (Tenn. Oct. 27, 2008), the trial court herein improperly denied the petition to expunge the dismissed charges where Petitioner was indicted in a multi-count indictment, pled guilty to one count of the indictment, and the remaining charges were dismissed. The judgment of the trial court is, therefore, reversed and the matter is remanded to the trial court for further proceedings, including granting Petitioner's petition to expunge the dismissed charges of harassment and aggravated criminal trespass.

**Tenn. R. App. P. Appeal as of Right;**
**Judgment of the Criminal Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Doug Thurman, Nashville, Tennessee, for the appellant, Kathy Michelle Fowler.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

Petitioner was originally arrested on three separate warrants for domestic assault, harassment, and aggravated burglary. The Davidson County Grand Jury returned a multi-count indictment against Petitioner in July of 2005, charging Petitioner with one count of domestic assault, one count of harassment, and one count of aggravated criminal trespass. The individual incidents that led to the indictments occurred on three separate days.

Petitioner pled guilty to domestic assault, as charged in count one, on September 8, 2005. In exchange for the guilty plea, Petitioner received an eleven month, twenty-nine day sentence that was ordered to be served on probation. The trial court dismissed counts two and three of the indictment.

Subsequently, in January 2009, Petitioner filed a "Petition to Expunge Dismissed Charges" as a result of the plea agreement. Petitioner argued that Tennessee Code Annotated section 40-32-101(a)(1)(A) provides for destruction or release of records when a charge "has been dismissed."

The trial court held a hearing on the petition to expunge. At the hearing, Petitioner testified that she was initially charged with aggravated burglary, harassment, and domestic assault and subsequently indicted for aggravated criminal trespass, harassment, and domestic assault. She admitted that she pled guilty to the domestic assault charge and that the remaining charges were dismissed. Petitioner explained to the trial court that she was having difficulty securing employment because the dismissed charges were still on her record, including the initial warrant in which she was charged with aggravated burglary.

The State called Thomas Bradley, Chief Administrative Officer of the Criminal Court Clerk's Officer. Mr. Bradley explained that since Tennessee Code Annotated section 40-32-101 had been amended in 2003, his office no longer expunged charges where the defendant had pled or been found guilty of one of the charges under the same indictment number. Mr. Bradley testified at length as to the difficulty of expunging certain charges within an indictment. On cross-examination, Mr. Bradley conceded that his office had performed "partial expungements" prior to the passage of the 2003 amendment and could do so again if directed. Mr. Bradley further noted that in General Sessions Court his office currently

expunged multiple charges associated with a common complaint number where, for example, three of the four charges were dismissed.

At the conclusion of the hearing, the trial court took the matter under advisement. In an order filed on March 9, 2009, the trial court denied the petition. The trial court determined that there was "no need to go beyond the clear meaning of the statute at hand [Tennessee Code Annotated section 40-32-101(a)(1)(A)]." The trial court specifically noted the amendments to the statute that occurred in 2003, and reviewed the legislative history of the amendment. The trial court also acknowledged this Court's decision in *State v. Gerald Gifford*, No. E2006-02500-CCA-R3-CD, 2008 WL 1813105 (Tenn. Crim. App., at Knoxville, Apr. 23, 2008), *perm. app. denied*, (Tenn. Oct. 27, 2008), but deemed it "non-binding" pursuant to Tennessee Supreme Court Rule 4. The trial court also pointed out that the defendant in *Gerald Gifford* was "placed on judicial diversion, completed the program, and was required to have these charges expunged pursuant to statute . . . [and thus] never convicted."

Petitioner filed a petition for writ of certiorari in this Court, seeking review of the trial court's denial of the petition. This Court granted the writ.

## II. Analysis

On appeal, Petitioner argues that she is entitled to a grant of the petition to expunge because "decisional law mandates that each charge or count of an indictment be treated separately, and that this last sentence of [Tennessee Code Annotated section 40-32-101(c)(1)(A)] refers to the conviction of an individual offense regardless of whether it is part of a multi-count indictment." In other words, Petitioner contends that "the charges listed under the indictment number in her case must be treated as separate cases." Therefore, "the charges of harassment and aggravated criminal trespass that were dismissed pursuant to the plea agreement and all records relating to said charges are eligible to be expunged." The State, on the other hand, contends that "[t]he plain meaning of the statute shows that when a defendant is convicted on one charge in a multi-count indictment and the other charges are dismissed, he or she is not entitled to have the dismissed charges expunged."

At the outset, we note that this case comes to our Court via a writ of certiorari. Tennessee Code Annotated section 27-8-101 codifies the common law writ of certiorari and provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when,

in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

T.C.A. § 27-8-101. This case presents itself via a writ of certiorari as there is no appeal available under Tennessee Rule of Appellate Procedure 3(c) from a from a trial court's order to grant or deny a motion to expunge. *State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002). Further, Tennessee Rule of Appellate Procedure 3(b) does not contemplate an appeal as of right from the denial of an expungement petition. *See* Tenn. R. App. P. 3(b); *see also Adler*, 92 S.W.3d at 403.

The State in *Alder* appealed the trial court's granting of an order of expungement, arguing that the trial court acted contrary to the law when it granted the defendant's order of expungement. The Supreme Court held that, because the State alleged the trial court acted without legal authority, it could, pursuant to the common law writ of certiorari, address the trial court's grant of the defendant's motion to expunge his record. *Id*.; *see also State v. Gerald Gifford*, No. E2006-02500-CCA-R3-CD, 2008 WL 1813105, at *2 (Tenn. Crim. App., at Knoxville, Apr. 23, 2008), *perm. app. denied* (Tenn. Oct. 27, 2008) (concluding that "a common law writ was proper where the record reveals that the issue presented involves an allegation that the trial court acted without legal authority in refusing expungement and because there is no other 'plain, speedy, or adequate remedy.'").

Keeping that framework in mind, this Court will review the trial court's denial of the motion to expunge Petitioner's dismissed convictions for harassment and aggravated criminal trespass to see if the trial court exceeded its jurisdiction or acted illegally. Tennessee Code Annotated section 40-32-101 provides for "destruction or release of records." In pertinent part, it provides:

> All public records of a person who has been charged with a misdemeanor or a felony shall, upon petition by that person to the court having jurisdiction in the previous action, be removed and destroyed without cost to the person, if:
> (I) The charge has been dismissed;
>
> . . . .
>
> (E) A person shall not be entitled to the expunction of such person's records in a particular case if the person is convicted of any offense or charge, including a lesser included offense or charge.

T.C.A. § 40-32-101(a)(1)(A) & (E).  Tennessee Code Annotated section 40-32-101 was amended in 2003 and again in 2006.  The 2003 amendments were after the supreme court's decision in *Adler*.

In *Adler*, the defendant was charged in a single-count indictment for aggravated child neglect of a child under six years of age, a felony.  92 S.W.3d at 397.  After a jury trial, the defendant was convicted of the lesser offense of reckless endangerment, a Class A misdemeanor.  After conviction, the defendant sought expungement of all records relating to his felony indictment.  Our supreme court held that "a defendant who is convicted of a lesser-included offense of the offense sought in the indictment or presentment is entitled to have the record expunged of any greater charge(s) for which the jury finds the defendant not guilty."  *Adler*, 92 S.W.3d at 403.  This decision was released on December 30, 2002, and, on May 22, 2003, Public Chapter 175 was enacted amending the expungement statute precluding expungement of the records "when a defendant in a case has been convicted of any offense or charge including a lesser included offense or charge."  T.C.A. § 40-32-101(a)(1).

An Attorney General Opinion was released in 2006, addressing the effect of the amendments to Tennessee Code Annotated section 40-32-101 on expungement of records in multi-count criminal indictments.  *See* Tenn. Op. Att'y Gen. 06-003 (Jan. 5, 2006).  The question presented was:

> Where a defendant is convicted of at least one count in a multi-count indictment, does Tenn. Code Ann. § 40-32-101(a)(1), as amended by Public Chapter No. 175 of the Acts of 2003, preclude the expungement of records relating to all counts in that indictment?

The Attorney General answered the question as follows: "Yes. The plain language of section 40-32-101(a)(1), as amended by Public Chapter No. 175, prohibits the expungement of records of charges 'in such case' where a defendant has been convicted of 'any offense or charge.'"  *Id*.

In *State v. Gerald Gifford*, No. E2006-02500-CCA-R3-CD, 2008 WL 1813105 (Tenn. Crim. app., at Knoxville, Apr. 23, 2008), *perm. app. denied*, (Tenn. Oct. 27, 2008), a panel of this Court addressed the very issue raised by the Attorney General Opinion and came to a different conclusion.  In *Gerald Gifford*, the defendant was indicted in an eleven count indictment.  *Id*. at *1.  The defendant then pled guilty to three counts of felony reckless endangerment and one count of driving under the influence.  *Id*.  The plea agreement specified that the defendant would receive a sentence of eleven months and twenty-nine days, to be suspended after service of forty-eight hours in jail for the driving

under the influence conviction. *Id*. The defendant pled guilty to the reckless endangerment counts pursuant to the judicial diversion statute, which provided that after the one-year supervised probationary period, the records would be expunged. *Id*. The reckless endangerment charges and the driving under the influence charges were unrelated but permissibly joined in the indictment. *Id*. The remaining counts of the indictment were dismissed. *Id*.

After successful completion of probation, the defendant filed a petition for expungement of the three felony reckless endangerment charges. *Id*. at *2. The trial court clerk denied the request based on the Attorney General Opinion. As a result, the defendant filed a motion to compel the clerk to expunge the charges. *Id*. The trial court granted the motion to compel but the trial court clerk convinced the trial court to rescind the order. *Id*. The defendant filed a second motion to compel and requested a hearing. After the hearing, the trial court denied the motion to expunge the records. The defendant sought an appeal via a common law writ of certiorari. *Id*.

On appeal, this Court examined the history of Tennessee Code Annotated section 40-32-101 as well as the Attorney General's opinion referenced above and concluded:

> We respectfully disagree with the Attorney General's interpretation of the language of the 2003 amended statute. The Attorney General opines that the plain language of the term "case" or "in such case," as used in the statute, refers to the indictment as a whole, and, as such, a multi-count indictment constitutes but a single case. However, it is fundamental that each count of an indictment represents a separate criminal charge, or case, and that a conviction under each count of the indictment requires a separate judgment of conviction. In *State v. Russell*, 800 S.W.2d 169, 172 (Tenn. 1990), our supreme court, citing *Usary v. State*, 172 Tenn. 305, 112 S.W.2d 7 (1938), observed that "[e]ach count in an indictment is, in legal contemplation, a separate indictment; each count must be a complete indictment in itself." As such, we construe the term "case" to mean each individually numbered count or criminal offense alleged within the indictment. Thus, a multi-count indictment represents multiple criminal cases.
>
>     . . . .
>
> [W]e acknowledge that our primary role is to ascertain and give effect to the legislative intent without unduly restricting or expanding the statute coverage beyond its intended scope. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). In application of the above principles, we construe the term "case" in

Tennessee Code Annotated section 40-32-101(a)(1) to mean each separate count of the indictment.

The court did not make a distinction for the treatment of the term "case" where a defendant is on judicial diversion as opposed to some other type of sentence. As a result of their interpretation of the words "case" and "charge" in the statute, the court in *Gifford* reversed and remanded for entry of an order of expungement for the defendant's reckless endangerment charges. 2008 WL 1813105, at *5.

We agree with the analysis set forth in *Gifford*. Each count of Petitioner's indictment represents a separate "case." Consequently, Petitioner's indictment for harassment and aggravated criminal trespass are separate "cases" for purposes of Tennessee Code Annotated section 40-32-101. Therefore, the trial court acted illegally by refusing to grant the petition to expunge Petitioner's dismissed charges of harassment and aggravated criminal trespass. Accordingly, the judgment of the trial court is reversed. The case is remanded to the trial court for entry of the order of expungement and other proceedings which may be necessary in order to comply with this opinion.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

_____
THOMAS T. WOODALL, JUDGE